UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ResCap Liquidating Trust,                           Civ. No. 15-1569 (PAM/HB)

                    Plaintiff,

v.                                                  **MEMORANDUM AND ORDER**

EquiFirst Corporation, and
EFC Holdings Corporation,

                    Defendants.

---

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff ResCap Liquidating Trust's Complaint. For the reasons that follow, the Motion is denied.

**BACKGROUND**

Plaintiff ResCap Liquidating Trust is the successor to Residential Funding Company. (The Court will refer to Plaintiff as ResCap but, when appropriate, will refer to the evidence as pertaining to RFC.) This case is one of nearly 100 similar lawsuits ResCap has brought in this District. As in all of the other cases, ResCap alleges that the mortgages Defendant EquiFirst Corporation and its parent, Defendant EFC Holdings (collectively "EquiFirst"), sold to RFC, and which RFC aggregated into mortgage-backed securities, were defective and did not comply with the underwriting and originating standards in the parties' agreements, known as "Client Guides." According to the Complaint, Defendants sold more than 83,000 loans to RFC over the course of the parties' relationship, with an original total principal balance of more than $12 billion. (Compl. ¶ 6.) Neither EquiFirst nor EFC are still in

business, both having filed for dissolution in 2010. (Id. ¶ 18.) The loans at issue were sold between 1997 and 2007. (Id. Ex. C.)

The Complaint here, like those in all of the other ResCap and RFC actions, consists of two claims: breach of contract and indemnification. And despite EquiFirst's insistence that this case is different from all of the others, the arguments in the Motion are identical to the arguments made in the motions to dismiss in the other cases pending before this Court. EquiFirst acknowledges that "some" judges in this District have denied motions to dismiss on the identical bases EquiFirst raises here, but offers no argument or legal authority for its belief that "these decisions are incorrect." (Defs.' Supp. Mem. (Docket No. 37) at 12 n.12.)

**DISCUSSION**

As noted, EquiFirst sold more than 80,000 mortgage loans to RFC from 1997 to 2007. Some of these loans were aggregated into mortgage-backed securities, and indeed EquiFirst sold so many loans to RFC that some of RFC's mortgage-backed securities consisted only of EquiFirst loans, or so-called "single-seller securitizations." (Compl. ¶¶ 26-27.) Unlike the allegations in the Embrace, Circle, and Cadence matters, however, it does not appear that RFC retained any EquiFirst loans or that RFC sold any of EquiFirst's loans as whole loans.

RFC reviewed all of the EquiFirst loans that RFC securitized using an automated-value model ("AVM") and the borrowers' tax records. The findings revealed by this review showed that more than 50% of the loans EquiFirst sold to RFC had at least one defect. (Id. ¶ 50.) A list of those defective loans is attached to the Complaint at Exhibit E.

EquiFirst raises two arguments in support of its Motion, both of which have been raised in nearly every other similar case and all of which have been rejected in every case. First, EquiFirst argues that the breach-of-contract claim is untimely and that all the decisions in this District holding otherwise, on the basis of the breach-of-continuing-obligations theory, are "incorrect." EquiFirst's second argument is that ResCap has not adequately alleged causation between the alleged breaches of representations and warranties and ResCap's losses. This Court has previously rejected both of these arguments. Residential Funding Co., LLC v. Embrace Home Loans, Inc., No. 13cv3457, 2015 WL 1275340, at *3-4 (D. Minn. March 19, 2015); ResCap Liquidating Trust v. Cadence Bank, N.A., No. 14cv3926, 2015 WL 3616064, at *2 (D. Minn. June 9, 2015). EquiFirst has offered no reason not to do the same here.

EquiFirst points to a June 2015 decision from the New York Court of Appeals in support of its argument that ResCap cannot rely on an alleged breach of a continuing obligation to extend the statute of limitations. ACE Sec. Corp. v. DB Structured Prods., Inc., No. 85, 2015 WL 3616244 (N.Y. Ct. App. June 11, 2015) (slip op.). In ACE, the New York court found that a breach of contract claim alleging breaches of representations and warranties such as that raised by ResCap here accrues at the time the contract is signed and is not subject to the continuing-obligation theory on which ResCap relies here. Id. But EquiFirst acknowledges that the contracts at issue are not governed by New York law. (Defs.' Reply Mem. (Docket No. 75) at 3 n.4.) Thus, to the extent this opinion has any relevance at all, it is as persuasive authority, nothing more.

But as EquiFirst knows, every Judge in this District to have faced similar allegations regarding a breach of a continuing obligation has determined that these allegations create at least a fact issue as to whether the statute of limitations bars the duty-to-notify claim, making dismissal inappropriate. See, e.g., Residential Funding Co., LLC. v. CTX Mortg. Co., LLC, No. 14-cv-1710, 2015 WL 3408784, at *2 (D. Minn. Jan. 23, 2015) (Doty, J.) (finding allegations that defendant breached its continuing obligations sufficient to survive a motion to dismiss); Residential Funding Co., LLC v. Academy Mortg. Corp., No. 13-cv-3451, 2014 WL 5860566, at *12 (D. Minn. Nov. 12, 2014) (Nelson, J.) (finding breach-of-warranty allegations "plausible" and sufficient to state a claim for timely breaches); accord, e.g., Residential Funding Co., LLC v. Gateway Bank, F.S.B., No. 13-cv-3518, 2014 WL 3952321, at *16 (D. Minn. Aug. 13, 2014) (Davis, C.J., adopting recommendation of Mayeron, M.J.).

At this preliminary stage of the litigation, ResCap has sufficiently pled a breach of EquiFirst's continuing obligation to notify RFC of the defects in its loans. ResCap may pursue its breach-of-warranty claim as to loans sold before May 14, 2006. EquiFirst is free, of course, to raise this issue again, and if ResCap "is unable to demonstrate violations of a legally-sound continuing obligation, its claims as to those loans will be dismissed." Residential Funding Co., LLC v. Broadview Mortg. Corp., No. 13-cv-3463, 2014 WL 4104819, at *7 (D. Minn. Aug. 19, 2014) (Montgomery, J.).

**CONCLUSION**

EquiFirst has not established that the Complaint fails to state a claim on which relief can be granted. Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion to Dismiss (Docket No. 35) is **DENIED**.

Dated: August 20, 2015

               *s/ Paul A. Magnuson*
               Paul A. Magnuson
               United States District Court Judge